IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                    Plaintiff,                            JURY INSTRUCTIONS

v.

                                                      12-cr-87-bbc

CHRISTIAN PETERSON,

                    Defendant.
_____

## II. POST TRIAL JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

### CONSIDERATION OF THE EVIDENCE

All of the introductory instructions that I gave you at the beginning of this trial still are in effect. I will give you copies of those instructions to take back to the jury room with you.

You have received evidence of a statement said to be made by the defendant to _____. You must decide whether the defendant did make the statement. If you find that the defendant did make the statement, then you must decide what weight, if any, you believe the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself, and the circumstances under which the statement was made.

In deciding the believability of witnesses, you should judge defendant's testimony in the same way as you judge the testimony of any other witness.

The defendant has an absolute right not to testify. In arriving at your verdict, you must not consider the fact that the defendant did not testify.

You have heard evidence of acts of the defendant other than those charged in the indictment. Specifically, _____. You may consider this evidence only on the questions of _____. You should consider this evidence only for this limited purpose.

You have heard evidence that _____ have been convicted of crimes. You may consider this evidence only in deciding whether the testimony of any of these witnesses is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

You have heard evidence that the defendant has been convicted of crimes. You may consider this evidence only in deciding whether the defendant's testimony is truthful in whole, in part, or not at all. You may not consider it for any other purpose. A conviction of another crime is not evidence of the defendant's guilt of the crime for which the defendant now is charged.

You have heard [reputation/opinion] evidence about the character trait of _____ _____ for truthfulness [or untruthfulness]. You should consider this evidence in deciding the weight that you will give to _____'s testimony.

2

You have heard [reputation and/or opinion] evidence about the defendant's character trait for [truthfulness, peacefulness, etc]. You should consider character evidence together with all the other evidence in the case and in the same way.

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. If you find that it is inconsistent, you may consider the earlier statement only in deciding the truthfulness and accuracy of that witness's testimony in this trial. You may not use it as evidence of the truth of the matters contained in that prior statement. If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.

A statement made by the defendant before trial that is inconsistent with the defendant's testimony here in court may be used by you as evidence of the truth of the matters contained in it, and also in deciding the truthfulness and accuracy of the defendant's testimony in this trial.

_____ has admitted lying under oath. You may give his testimony such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care.

You have heard testimony that _____ have received benefits from the government in connection with this case. Specifically, _____. You may give the testimony of these witnesses such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care.

You have heard testimony from _____ who each stated that he or she was involved in the commission of the alleged crime charged against the defendant.  You may give the testimony of these witnesses such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care.

The witnesses _____ have pleaded guilty to a crime arising out of the same allegations for which the defendant is now on trial.  You may give the testimony of these witnesses such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care.  Moreover, the guilty pleas of these defendants cannot to be considered as evidence against the defendant[s] on trial now.

The witnesses _____ have received immunity; that is, a promise from the government that any testimony or other information he or she provided would not be used against him in a criminal case.  You may give the testimony of these witnesses such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care.

You must consider with caution and great care the testimony of any witness who is currently addicted to drugs.  It is up to you to determine whether the testimony of a drug addict has been affect by drug use or the need for drugs.

The witnesses _____ gave opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the

4

testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications and all of the other evidence in the case.

Certain summaries are in evidence. They truly and accurately summarize the contents of voluminous books, records or documents, and should be considered together with and in the same way as all other evidence in the case.

Certain summaries are in evidence. Their accuracy has been challenged by the defendant. Thus, the original materials upon which the exhibits are based have also been admitted into evidence so that you may determine whether the summaries are accurate.

## THE INDICTMENT

The indictment in this case is the formal method of accusing the defendant of offenses and placing the defendant on trial. It is not evidence against the defendant and it does not create any inference of guilt.

The defendant is charged in the indictment as follows:
> [*Court reads the indictment*]:

The defendant has entered a plea of not guilty to these charges.

The defendant is not on trial for any act or any conduct not charged in the indictment.

The defendant is presumed to be innocent of the charges against him. This presumption continues during every stage of the trial and your deliberations on the

verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

The indictment charges that the offenses were committed "on or about" certain dates. The government must prove that the offenses happened reasonably close to those dates but it is not required to prove that the alleged offenses happened on those exact dates.

### ELEMENTS OF COUNTS 1 THROUGH 4: BANK FRAUD

Count 1, 2, 3 and 4 each charge the defendant with committing bank fraud. To sustain any of these four charges, the government must prove these elements:

(1) There was a scheme to defraud one or more banks, or to obtain money owned by a bank and under the bank's custody and control, by means of false or fraudulent pretenses, representations or promises as charged in the count that you are considering;

(2) The defendant knowingly executed this scheme;

(3) The defendant acted with intent to defraud;

(4) The scheme involved a materially false or fraudulent pretense, representation or promise; and

(5) At the time of the charged offense, the deposits of the bank named in the count that your are considering were insured by the Federal Deposition Insurance Company.

If you find from your consideration of all the evidence that each of these propositions have been proved beyond a reasonable doubt as to the count that you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to the count that you are considering, then you must find the defendant not guilty of that count.

A **scheme** is a plan of action formed with the intent to accomplish some purpose. A scheme to defraud a bank means a plan or course of action intended to deceive or cheat that bank or to obtain money or property or to cause the [*potential*] loss of money by the bank. [*A scheme to defraud need not involve any false statement or misrepresentation of fact*]. In considering whether the government has proven the existence of a scheme to obtain money from a bank by means of false pretenses, representation or promises, the government must prove at least on of the false pretenses, representations, promises or acts charged in the portion of the indictment describing the scheme, namely Paragraphs 1-6 of Counts 1-4. However, the government is not required to prove all of them.

A representation is **material** if it is capable of influencing the actions of the bank to whom it was made. [*The government is not required to prove that the representation actually influenced the actions of the bank.*]

A representation is **false** if it was untrue when made.

A representation is **fraudulent** if it is made with the intent to deceive.

The phrase **intent to defraud** means that the acts charged were done knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to the defendant.

Good faith, on the part of the defendant is inconsistent with intent to defraud, an element of the charges in Counts 1 through 4. The burden is not on the defendant to prove his good faith; rather, the government must prove beyond a reasonable doubt that the defendant acted with intent to defraud.

The government is not required to produce direct evidence to establish the defendant's intent. The government may prove the defendant's intent by means of circumstantial evidence alone. In determining the defendant's intent, you may consider all of his statements, acts and omissions, as well as all other facts and circumstances in evidence that indicate the defendant's state of mind.

### ELEMENTS OF COUNTS 5 THROUGH 8: FALSE STATEMENTS

Count 5, 6, 7 and 8 each charge the defendant with making false statements to banks fraud. To sustain any of these four charges, the government must prove these elements:

(1) The defendant made a false statement to a bank as specified in the count that you are considering;

(2) At the time the defendant made this statement, he knew that it was false;

(3) The defendant made the statement with the intent to influence the action of the named bank concerning the financial transaction specified in the count that you are considering;

(4) At the time of the charged offense, the deposits of the bank named in the count that your are considering were insured by the Federal Deposition Insurance Company.

If you find from your consideration of all the evidence that each of these propositions have been proved beyond a reasonable doubt as to the count that you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to the count that you are considering, then you must find the defendant not guilty of that count.

## ELEMENTS OF COUNTS 9 THROUGH 12:
## UNLAWFUL MONETARY TRANSACTIONS

Count 9, 10, 11 and 12 each charge the defendant with engaging in an unlawful monetary transaction. To sustain any of these four charges, the government must prove these elements:

(1) The defendant engaged in the monetary transaction specified in the count that you are considering;

(2) The knew that this transaction involved criminally derived property;

(3) The property had a value greater than $10,0000;

(4) The property was derived from the unlawful activity specified in the count that your are considering; and

(5) The transaction occurred in the United States.

If you find from your consideration of all the evidence that each of these propositions have been proved beyond a reasonable doubt as to the count that you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to the count that you are considering, then you must find the defendant not guilty of that count.

**Monetary transaction** means the deposit, withdrawal, transfer or exchange, in or affecting interstate commerce, of funds or a monetary instrument, by, through, or to a financial institution.  **Interstate commerce** means trade or transactions between any point in a state and any place outside that state, or between two points within a state through a place outside the state.  A bank is a **financial institution.**

**Criminally derived property** means any property constituting or derived from prosseds obtained from a criminal offense.

**ELEMENTS OF COUNTS 13: EMBEZZLEMENT FROM A PENSION PLAN**

Count 13 charges the defendant with embezzling money from a pension plan. To sustain this charge, the government must prove these elements:

(1)  The "Maverick 401(k) Plan & Trust" [*and a fund connected with this plan*] was an employee benefit plan subject to any provision of Title I of the Employee Retirement Income Security Act of 1974;

(2) The defendant embezzled, stole or unlawfully and willfully abstracted and converted to his own use money of the Maverick 401(k) Plan & Trust as specified in Count 13.

If you find from your consideration of all the evidence that both of these propositions have been proved beyond a reasonable doubt, then you should find the defendant guilty of Count 13.

If, on the other hand, you find from your consideration of all of the evidence that either of these propositions has not been proved beyond a reasonable doubt, then you must find the defendant not guilty of Count 13.

**Title I of the Employee Retirement Income Security Act of 1974** provides that: [*content to be provided by the government and/or the defendant*]

**To convert to his own use** means . . .

**To unlawfully and willfully abstract** means . . .

## INSTRUCTIONS ON RESPONSIBILITY

All versions of the word knowingly mean that the defendant realized what he was doing and was aware of the nature of his conduct and did not act through ignorance, mistake or accident. Knowledge may be proved by a defendant's conduct and by all the

By themselves, the defendant's presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish the defendant's guilt.

If the defendant performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt.

11

An offense may be committed by more than one person. The defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

If the defendant knowingly caused the acts of another, then the defendant is responsible for those acts as though he personally committed them.

The defendant need not personally perform every act constituting the crime charged. Every person who willfully participates in the commission of a crime may be found guilty.

Whatever a person is legally capable of doing he can do through another person by causing that person to perform the act. If the defendant willfully ordered, directed or authorized the acts of another, then he is responsible for such acts as though he personally committed them.

Any person who knowingly aids, abets, counsels, commands, induces or procures the commission of a crime is guilty of that crime. However, that person must knowingly associate himself with the criminal venture, participate in it and try to make it succeed.

## DELIBERATIONS

Upon retiring to the jury room, select one of your number as your presiding juror. This person will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you. [*Court reads verdict form*.] Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in, date and sign the form.

Although you have seen that the trial is being recorded by a court reporter, you should not expect to be able to use trial transcripts in your deliberations. You will have to rely on your own memories.

Each count of the indictment charges the defendant with having committed a separate offense. You must consider each count and the evidence relating to it separate and apart from the other count. You should return a separate verdict as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to the defendant as to any other count.

The verdict must represent the considered judgment of each juror. Whether your verdict is guilty or not guilty, it must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But do not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement consistent with the individual judgment of each juror. You are impartial judges of the facts. Your only interest is to determine whether the government has proved its case beyond a reasonable doubt.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court. You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. You must not reveal to any person, including the court, your numerical split on any verdict question until you have reached a unanimous verdict on every count.