UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    *Plaintiff*,

*vs*.                                                        Case No. 12-cr-87-bbc

CHRISTIAN PETERSON,

    *Defendant*.

---

**MOTION TO ADJOURN TRIAL DATE**

    Christian Peterson, by counsel, respectfully moves this Court for the entry of an order adjourning the currently scheduled trial date of March 10, 2014, to ensure his rights to a fair trial and the effective assistance of counsel. Specifically, Peterson requests an adjournment of at least one month. For the reasons set forth below, the current trial date would deny the reasonable time necessary to adequately prepare to try this case.

    The adjournment is requested for the following reasons:

    1.    Over the past three weeks, defense counsel has received over 5000 pages of new discovery from the government. The bulk of this discovery consists of depositions and exhibits from a civil case involving matters related to this case,

*Federal Defender Services*
*of Wisconsin, Inc.*

*Shapiro v. Vanden Heuvel, et al*, Dane County case number 2011CV4117. That civil case is scheduled for trial in June 2014. Numerous depositions have been taken in that case over the past few months of witnesses who are likely to testify in this case or have knowledge about the events surrounding this case.

2. Defense counsel has spent considerable time reading the new discovery, including the depositions. Despite that investment of time, counsel still has not completed their review of the depositions and exhibits.

3. Defense counsel also has provided the new discovery to Mr. Peterson. Mr. Peterson has been reviewing that discovery, but has not yet completed his review.

4. Because the new discovery and exhibits are relevant to the pending case and most of the witnesses in the civil case are anticipated to be witnesses in the criminal case, defense counsel believes it is essential to carefully review the depositions.

5. In addition to having to review the new discovery, defense counsel must organize that discovery, decide whether to seek additional materials based on information learned from the depositions, and incorporate the new information into the defense case. Defense counsel also must discuss the new discovery with Mr. Peterson in detail. Further, the new information must be incorporated into motions

*Federal Defender Services of Wisconsin, Inc.*

in limine and jury instructions. Counsel has not had sufficient opportunity to read the discovery, let alone complete all these other tasks.

6. On February 14, 2014, the Magistrate Judge issued an order denying Petersons's pretrial motions. Dkt. 70. Counsel must file an appeal of this order within 14 days.

7. In addition to the discovery described above, last week defense counsel received an initial set of trial exhibits from the government. Counsel has begun reviewing those 245 exhibits, but the task is made more difficult by the lack of an index. Staff at defense counsel's office is putting together an index.

8. The review of the new discovery has taken away valuable time from defense counsel's trial preparation. It is now clear to defense counsel that it will be impossible to provide effective assistance of counsel to Mr. Peterson without additional time to review the new discovery and incorporate it into their defense. Because of the time devoted to the new discovery, defense counsel also has not been able to complete other planned trial tasks.

9. To be clear, Peterson is not complaining about the timeliness of the government's production of the discovery in this case. This discovery clearly is relevant, contains both inculpatory and exculpatory evidence, and will be important at trial. Unfortunately, the discovery only recently became available when

depositions were taken in the civil case. Nonetheless, Peterson's counsel has an obligation to review all the discovery and to discuss it with Mr. Peterson in preparing the defense. Without additional time, defense counsel will be unable to review all the discovery and complete other trial preparation tasks before trial.

10. The government has provided notice of other acts it intends to present at trial, including allegations of fraud with respect to the Pancake Café in Middleton. Dkt. 75 at ¶ 3. Defense counsel has not explored the facts of that allegation and would need time to do so if the evidence is admitted. The allegations in the indictment do not involve loans to the Pancake Café.

11. Undersigned counsel has discussed this motion with Mr. Peterson and he agrees that under the circumstances the requested adjournment is essential to his ability to receive a fair trial and the effective assistance of counsel.

12. Counsel apologizes for the timing of this request. The defense, including Mr. Peterson, did not want to adjourn the trial. Unfortunately, the volume of new discovery renders an adjournment necessary.

13. Finally, the parties anticipate that the trial will take more time than originally estimated. It is expected that the trial will exceed one week. Counsel understands that the Court has a civil trial scheduled for March 17th.

*Federal Defender Services of Wisconsin, Inc.*

Dated at Madison, Wisconsin this 21st day of February, 2014.

Respectfully submitted,

*/s/*     **Craig W. Albee**
Craig W. Albee, WI Bar #1015752
Julie K. Linnen, WI Bar #1085029
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
517 E. Wisconsin Ave. - Ste. 182
Milwaukee, WI 53202
Tel.:   (414) 221-9900
E-mail: craig_albee@fd.org
*Counsel for Defendant,* Christian Peterson

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system to Assistant United States Attorney Paul Connell this 21st day of February, 2014.

*/s/*     *Craig W. Albee*

*Federal Defender Services*
*of Wisconsin, Inc.*

5