IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

CHRISTIAN PETERSON,

               Defendant.

ORDER

12-cr-87-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Christian Peterson has been charged in a 13-count indictment with various permutations of a scheme to use his business ventures to obtain money by dishonest means. According to the charges in the indictment, he lied to banks to obtain money in violation of 18 U.S.C. § 1344 (counts 1-4) and in violation of 18 U.S.C. § 1014 (counts 5-9); he deposited money into banks that had been derived from a specified unlawful activity, in violation of 18 U.S.C. § 1957 (counts 10-12); and he took money unlawfully from an employee pension benefit plan created for the benefit of the employees of Maverick, Inc., a company he operated, in violation of 18 U.S.C. § 664 (count 13). Defendant moved under Fed. R. Crim. P. 8(a) and 14 to sever count 13 from the other 12 counts, contending that the government had not shown that the conduct charged in count 13 is similar enough to the conduct charged in the other counts to be joined properly in one indictment and that failing to sever the count from the indictment would prejudice him unduly. The magistrate

1

judge denied defendant's motion in a carefully reasoned and thorough opinion entered on February 14, 2014. Dkt. #70.

The case is before this court on defendant's appeal of the magistrate judge's decision. After reviewing defendant's argument on appeal, the briefing on the original motion and the magistrate judge's decision, I am denying the appeal. The indictment meets at least one of the requirements for joinder under Rule 8(a): the criminal conduct charged in each of the counts is of the "same or similar character." All of it concerns defendant's use of business ventures he controlled to gain money by dishonest means. The offenses are of a "like class": they all involve theft, deception or misuse of money. As early as 1994, the court of appeals held in United States v. Coleman, 22 F.3d 126, 133 (7th Cir. 1994) that "if offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned." The court added that joinder was permitted if "'the counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps.'" Id. at 131 (quoting United States v. Koen, 982 F.2d 1101, 1111 (7th Cir. 1992)).

Defendant argues that the conduct charged in count 13 occurred much later than the conduct charged in the other 12 counts, but the dates set out in the indictment show that the last crime charged in counts 1-12 is alleged to have occurred on December 21, 2007; the conduct charged in count 13 is alleged to have begun on February 5, 2009, or less than 14 months later. As the magistrate judge pointed out in his order, the Court of Appeals for the Seventh Circuit has upheld the joinder of a 2008 marijuana trafficking conspiracy with a

2

2010 cocaine trafficking conspiracy, in a case in which the defendant argued that the crimes were too dissimilar to be joined, they were too far apart in time, the evidence was not all overlapping and one charge include firearms while the other did not. United States v. Berg, 714 F.3d 490, 495 (7th Cir. 2013). I agree with the magistrate judge that defendant has failed to show that joining count 13 with the other 12 counts in the indictment against defendant is not improper.

As for whether severance under Rule 14 is needed to protect defendant from potential prejudice from the joinder of offenses, I agree with the magistrate judge that defendant has not yet shown that he will be prejudiced without severance. As he noted, defendant worries that the jury will confuse the evidence or cumulate it but he also asserts that the crime charged in count 13 is unique and derives from a completely separate incident.

Although defendant argues that the jury will be more apt to be swayed by the testimony of real people who have lost their retirement benefits than they would be by impersonal banks that lost funds, I am not persuaded that this is a reason to sever count 13. With appropriate instructions, the jury can be trusted to decide defendant's guilt or innocence independently on each count.

ORDER

IT IS ORDERED that defendant Christian Peterson's appeal from the pretrial motion hearing order entered by United States Magistrate Judge Stephen L. Crocker on February

14, 2014, dkt. #70, is DENIED.

    Entered this 5th day of March, 2014.

                                       BY THE COURT:
                                       /s/
                                       BARBARA B. CRABB
                                       District Judge