| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: CHRISTIAN DENNIS PETERSON<br>CASE NUMBER: 0758 3:12CR-00087-001 | Judgment - Page 1 |

# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 0758 3:12CR00087-001 |
| Christian Dennis Peterson | **Defendant's Attorney:** Craig W. Albee |

The defendant, Christian Dennis Peterson, was found guilty on Counts 2, 4, 6, 8, 11 and 13 of the third superseding indictment.

The defendant was acquitted on Counts 3 and 9 of the third superseding indictment.

The defendant was found not guilty on Counts 1, 5, 7, 10 and 12 of the third superseding indictment.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1344 | Bank Fraud, a Class B felony (Cts. 2 and 4) | 04/06/2006<br>12/05/2007 | 2<br>4 |
| 18 U.S.C. § 1014 | False Statement, a Class B felony (Cts. 6 and 8) | 04/05/2006<br>12/06/2007 | 6<br>8 |
| 18 U.S.C. § 1957 | Money Laundering, a Class C felony (Ct. 11) | 12/14/2007 | 11 |
| 18 U.S.C. § 664 | Theft from Employee Benefit Plan, a Class D felony (Ct. 13) | 03/04/2009 | 13 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | Christian Dennis Peterson | September 27, 2016 |
| **Defendant's USM No.:** | 07913-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | FPC-Duluth<br>P.O. Box 1000<br>Duluth, MN   55814 | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | FPC-Duluth<br>P.O. Box 1000<br>Duluth, MN   55814 | Barbara B. Crabb<br>District Judge |
| | | September 28, 2016<br>Date Signed: |

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: CHRISTIAN DENNIS PETERSON<br>CASE NUMBER: 0758 3:12CR-00087-001 | Judgment - Page 2 |

## IMPRISONMENT

As to counts 2, 4, 6, 8 and 11 of the third superseding indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for a term of 57 months on each count. As to count 13 of the third superseding indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for a term of 57 months. All the terms are to be served concurrently. I recommend that defendant receive substance abuse counseling and that he be afforded prerelease placement in a residential reentry center with work release privileges.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

## RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: CHRISTIAN DENNIS PETERSON<br>CASE NUMBER: 0758 3:12CR-00087-001 | Judgment - Page 3 |

# SUPERVISED RELEASE

The term of imprisonment is to be followed by five-year terms of supervised release as to counts 2, 4, 6 and 8, and three-year terms of supervised release as to counts 11 and 13. All terms of supervised release will run concurrently under 18 U.S.C. § 3625(e).

Under the Sentencing Reform Act of 1984, the primary goals of supervised release are to assist defendant's transition into the community after a term of imprisonment and to provide rehabilitation. Supervision in this case will provide defendant assistance with community reintegration and protect the public from further crimes he might otherwise commit.

Defendant engaged in a long-term fraud that victimized local lending institutions, business partners and former employees. He provided false information to the lending institutions in order to obtain money to fund lavish gambling trips to Las Vegas and other places. His use of drugs and gambling contributed to the destruction of his personal and professional life. He has been employed at family-run businesses most of his adult life except when he operated the companies involved in the present offense. The proposed conditions in the appendix of the presentence report are appropriate to monitor his behavior to make sure he is not re-engaging in criminal conduct and to make sure he is paying restitution.

Neither party has raised any objections to the conditions with two exceptions. Defendant wants a clearer understanding of the third parties to whom he must disclose risks, condition no. 11, and he wants a higher ceiling on assets than the $200 value set in special condition no. 14. I have revised these two conditions and defendant has no objection to the revisions.

If, shortly before defendant's release from custody or at any time during the course of his supervised release, he or his supervising probation officer believe that any condition of release is no longer appropriate, either one may petition this court for a modification of the condition.

---

Defendant is to abide by the statutory mandatory conditions.

### Statutory Mandatory Conditions

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

---

Defendant shall comply with the standard and special conditions that have been adopted by this court.

## Standard Conditions of Supervision

1) Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions.  The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

6) Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

7) Defendant shall not meet, communicate, or spend time with any persons' defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) ~~Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;~~

11) As directed by the probation officer, defendant shall notify anyone with whom he wishes to enter into a business relationship, including obtaining a loan, or any potential employer of risks that may be occasioned by defendant's criminal record, personal history or characteristics.  The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties.

## Special Conditions of Release

12) Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns;

13) Refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. probation officer;

|  |  |  |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: CHRISTIAN DENNIS PETERSON<br>CASE NUMBER: 0758 3:12CR-00087-001 | Judgment - Page 5 |

14) Not transfer, give away, sell or otherwise convey any asset worth more than $200 without the prior approval of the supervising U.S. probation officer. If defendant complies with this condition for the first year of his supervised release, he or his supervising probation officer may ask the Court to raise the minimum value;

15) Participate in substance abuse treatment.  If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding.  Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.   Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter.   The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process;

16) Not participate in any form of gambling, including the purchase of lottery tickets, or patronize any gambling facilities and shall participate in a gambling addiction program or individual counseling, as approved by the supervising U.S. probation officer.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    _____
Defendant                                                             Date

_____    _____
U.S. Probation Officer                                          Date

| | DEFENDANT: | CHRISTIAN DENNIS PETERSON | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | 0758 3:12CR-00087-001 | Judgment - Page 6 |

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| **Count** | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| 2 | $100.00 | $0.00 | $816,168.57 |
| 4 | $100.00 | | |
| 6 | $100.00 | | |
| 8 | $100.00 | | |
| 11 | $100.00 | | |
| 13 | $100.00 | | |
| **Total** | $600.00 | $0.00 | $816,168.57 |

Defendant is to make mandatory restitution in the amount of $816,168.57 to the U.S. Clerk of Court for the Western District of Wisconsin to be disbursed to the victim as follows:

Greenwoods State Bank
117 N. Main Street
P.O. Box 159
Lake Mills, WI 53551-0159

Defendant does not have the economic resources allowing him to make full payment of restitution in the foreseeable future under any reasonable schedule of payments.   Under 18 U.S.C. § 3664(f)(3)(B), he is to begin making nominal payments of a minimum of $500 each month, beginning within 30 days of his release from custody.   Defendant shall notify the court and the Attorney General of the United States of any material change in his economic circumstances that might affect his ability to make restitution.   No interest is to accrue on the unpaid portion of the restitution obligation.

It is adjudged that defendant is to pay a $100 criminal assessment penalty on each count for a total of $600 to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his family upon release from custody and meet his restitution obligations.   Therefore, no fine will be imposed.

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT: CHRISTIAN DENNIS PETERSON     Judgment - Page 7
CASE NUMBER: 0758 3:12CR-00087-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

      (1) assessment;
      (2) restitution;
      (3) fine principal;
      (4) cost of prosecution;
      (5) interest;
      (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.