IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

CHRISTIAN PETERSON,

        Defendant.

ORDER

12-cr-87-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

At a hearing held in this case on December 19, 2018, the United States appeared by Heidi Luehring, Assistant United States Attorney and defendant Christian Peterson appeared in person. Also present were Bill McDonald, CEO of Greenwoods State Bank, and Rick McGuigan, a member of the board of the bank.

At issue is a proposal by Greenwoods to enter into an agreement with defendant to resolve a portion of the $816,168.57 he owes the bank as a result of false statements he made to induce Greenwoods into lending him money he was unable to repay. Defendant has been found guilty of making the false statements and has served a term of imprisonment for his crime. The question before the court is whether the law allows approval of an agreement for repayment of anything less than the full amount of the illegally obtained money.

Under Greenwoods' proposal, the bank would receive a total payment of about

1

$400,000, plus interest, in the following circumstances:

> 1. Defendant's father, Dennis Peterson, will continue to make payments to Greenwoods State Bank on the $200,000 note he has signed with the bank;
> 2. Defendant will pay Greenwoods State Bank $75,000 when the parties sign the agreement. (Presumably, "the parties" will include defendant, the bank, Dennis Peterson and any others who may have potential financial liability for the agreement.)
> 3. Defendant will sign and deliver to Greenwoods State Bank, a three-year promissory note for $125,000 that will carry a 10-year amortization.
> 4. The three-year promissory note would be either cosigned or guaranteed by defendant's parents.

From this description of the proposal, it appears that, at best, Greenwoods will be repaid somewhat less than half the amount of which it was defrauded.

As a general rule, restitution is not limited by a civil suit or an agreement between the defendant and the victim, because the civil suit or agreement may cover other harms or it may be amended subsequently. An order of restitution is intended as more than a summing up of damages owed; it serves the important purpose of deterring the wrongdoer and others from committing similar crimes in the future; it also furthers rehabilitation. For this reason, civil agreements of losses caused by criminal acts or settlements of criminal obligations are frowned upon. For example, the Supreme Court has held that restitution obligations imposed as a condition of probation in a state criminal proceeding are not dischargeable in bankruptcy. Kelly v. Robinson, 479 U.S. 36, 54-55 (1986). See also United States v. Savoie, 985 F.2d 612, 619 (1st Cir. 1993) ("Private parties cannot simply agree to waive the application of a criminal statute.") (citing United States v. Hairston, 888 F.2d 1349, 1353 (11th Cir. 1989)). Criminal penalties are imposed for the good of the community, in an

effort to persuade other criminally-minded persons not to engage in illegal acts; they are not intended simply to insure that a particular victim is reimbursed for its loss.

In this instance, however, Greenwoods State Bank is not agreeing to waive the application of a criminal statute. Defendant has been sentenced and has served the custody component of his sentence. The bank is not suggesting a process that will relieve defendant of the obligation to make restitution; rather, it is proposing a process that will allow the collection of the most money that can realistically be obtained from defendant. Finally, Greenwoods is the only victim named in the judgment against defendant. See Amended Criminal Judgment, dkt. #251. Thus, allowing the bank to collect a portion of the amount it lost to defendant will not prevent other victims from obtaining reimbursement to which they are entitled; rather, it appears that Greenwoods' proposal represents the only good chance it has to collect any restitution of any significance from defendant.

In short, I am persuaded that this is the unusual situation in which it is appropriate for the victim of the crime to negotiate a settlement of its loss, subject to final approval by the court.

Entered this 28th day of December, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge